**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| AMERIS BANK, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * MISC ACTION NO. 25-00052-KD-B |
| | * |
| ROYAL AUTO TRANS INC., *et al.,* | * |
| | * |
|     Defendants. | * |

**<u>ORDER</u>**

This action is before the Court on Plaintiff Ameris Bank's motion to compel.  (Doc. 11).  This matter was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).  For the reasons provided below, Ameris Bank's motion to compel is **GRANTED, in part.**

### I.    BACKGROUND

Ameris Bank instituted the instant action to register a foreign judgment pursuant to 28 U.S.C. § 1963.  (Doc. 1).  Ameris Bank's filing reflects that it obtained a default judgment against Defendants Otabek R. Kamilov and Royal Auto Trans Inc. in the Central District of California in a lawsuit for breach of contract and personal guaranty in connection with equipment financing agreements between the parties.  (Id.).  On February 20, 2026, Ameris Bank filed the pending motion to compel alleging that

Defendants failed to respond to Ameris Bank's requests for production of documents. (Doc. 11).

According to Ameris Bank, it served requests for production of documents and deposition notices on Defendants via regular mail and Federal Express on December 11, 2025. (Docs. 9, 10, 11). Ameris Bank asserts that when Defendants did not respond to the document requests or deposition notices by January 15, 2026, it mailed correspondence to Defendants "in good faith to resolve [the] discovery dispute without intervention of the Court[,]" and requested responses to the discovery requests by January 23, 2026. (Id. at 1, 3). In the correspondence, Ameris Bank also suspended the depositions that had been scheduled for January 27, 2026. (Id. at 3). Ameris Bank further asserts that Defendants have not responded to its discovery requests and correspondence, and that none of the requests, notices, and correspondence sent to Defendants has been returned as undeliverable. (Id.).

As a result of the foregoing, Ameris Bank seeks an order compelling both Defendants to respond, without objection, to Ameris Bank's discovery requests, and to attend depositions on a date, time, and at a place reasonably set by Ameris Bank after Defendants each submit full and complete responses to the discovery requests. (Id. at 10). Ameris Bank also seeks an order requiring Defendants, jointly and severally, to pay the reasonable expenses, including attorneys' fees, that Ameris Bank incurred because of

2

Defendants' failure to respond to Ameris Bank's discovery requests. (Id.).  Ameris Bank avers that it is entitled to "an award of attorneys' fees and costs in the amount of $2,090.29, plus further attorneys' fees, costs, and expenses incurred after February 13, 2026." (Id. at 9).

In an order dated February 23, 2026, the Court directed Defendants to respond to Ameris Bank's motion no later than March 9, 2026. (Doc. 12).  Defendants were cautioned that failure to respond to the order could result in the imposition of sanctions against Defendants.  (Id.).  On April 27, 2026, Ameris Bank filed a notice asserting that Defendants had not responded to the motion and had not served responses to Ameris Bank's discovery requests. (Doc. 13).  A review of the docket reflects that, to date, neither Defendant has filed a response to Ameris Bank's motion to compel nor has the copy of the Court's order sent to them been returned as undeliverable.

## II.  ANALYSIS

After a judgment has been entered, Federal Rule of Civil Procedure 69 authorizes judgment creditors to obtain discovery materials broadly to aid in the satisfaction of the judgment.  See Talentscale, Inc. v. Aery Aviation, LLC, 807 F. Supp. 3d 1354, 1358 (N.D. Fla. 2025) (citing Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134, 138 (2014)).  The judgment debtor must respond to such discovery requests within 30 days of being served, unless

otherwise stipulated or ordered by the Court.  See Carter v. Action Worldwide Transportation, LLC, 2024 U.S. Dist. LEXIS 248838, at *1-2, 2024 WL 6861893, at *1 (N.D. Ga. June 7, 2024) (citing Fed. R. Civ. P. 34(b)(2)(A)).  If the judgment debtor fails to respond to the requests, the judgment creditor may move the Court to compel it to answer the requests for production.  2024 U.S. Dist. LEXIS 248838, at *2, 2024 WL 6861893, at *1 (citing Fed. R. Civ. P. 37(a)(3)(B)).

Federal Rule of Civil Procedure 37(a)(5) requires the court to order "the party or deponent whose conduct necessitated [a motion for an order compelling disclosure or discovery], the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the movant failed to meet and confer, the response or objection was substantially justified, or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action."  Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997).  "The burden of establishing substantial justification is on the party being sanctioned."  Masforce Eur., BVBA v. Mastry Marine & Indus. Design, Inc., 2013 U.S. Dist. LEXIS 199046, at *10, 2013 WL 12157874, at *3 (M.D. Fla. June 6, 2013).

4

Despite being directed to do so, Defendants Otabek R. Kamilov and Royal Auto Trans Inc. have not filed any response to Ameris Bank's motion to compel.  Accordingly, Ameris Bank's motion to compel is **GRANTED, in part.**  Defendants Otabek R. Kamilov and Royal Auto Trans Inc. are hereby **DIRECTED** to provide full and complete responses, without objection, to Ameris Bank's requests for production of documents on or before **July 22, 2026.**  Defendants Otabek R. Kamilov and Royal Auto Trans Inc. are further **DIRECTED** to **SHOW CAUSE,** no later than **July 22, 2026,** why Ameris Bank's request for expenses, including attorneys' fees and costs, incurred in connection with Ameris Bank's motion to compel should not be granted.

Defendants Otabek R. Kamilov and Royal Auto Trans Inc. are again **cautioned** that failure to respond to the Court's Order could result in the imposition of sanctions.

**ORDERED** this **1st** day of **July, 2026.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

5