**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AMERIS BANK,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **MISC ACTION NO. 25-00052-KD-B** |
| | * | |
| **ROYAL AUTO TRANS INC., *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**ORDER**

This action is before the Court due to Defendants Otabek R. Kamilov's and Royal Auto Trans Inc.'s repeated failures to comply with orders of the Court. For the reasons set forth herein, the undersigned finds that Defendants' noncompliance warrants sanctions.

**I. Background**

Ameris Bank instituted the instant action to register a foreign judgment pursuant to 28 U.S.C. § 1963. (Doc. 1). Ameris Bank's filing reflects that it obtained a default judgment against Defendants Otabek R. Kamilov and Royal Auto Trans Inc. in the Central District of California in a lawsuit for breach of contract and personal guaranty in connection with equipment financing agreements between the parties. (Id.). Ameris Bank served production requests on Defendants and later filed a motion seeking to compel Defendants to respond to its post-judgment discovery requests. (Doc. 11). Although directed to do so, Defendants did

not respond to Ameris Bank’s motion to compel. (Docs. 12, 13). Defendants also failed to comply with the Court’s order dated July 1, 2026, granting Ameris Bank’s motion to compel discovery and directing Defendants to show cause why Ameris Bank’s request for sanctions should not be granted. (Doc. 14). Defendants further failed to comply with the Court’s order dated August 6, 2026, which directed Defendants to personally appear in Court on August 28, 2026, to show cause why they should not be held in contempt for willfully and repeatedly disobeying orders of the Court. (Doc. 15). While counsel for Ameris Bank appeared for the August 28th hearing, Defendants did not appear nor did they contact the Court offering any explanation for their absence. (Doc. 17). None of the Court’s orders mailed to Defendants’ addresses of record have been returned as undeliverable.

Accordingly, in an order dated August 31, 2026 (Doc. 18), the undersigned found that Defendants’ repeated failure to comply with the Court’s orders warranted sanctions. Ameris Bank was directed to file a supplemental statement detailing the attorneys’ fees and expenses incurred by Ameris Bank in connection with the filing of Ameris Bank’s motion to compel, notice of noncompliance, and supplemental attorney declaration (Docs. 11, 13, 16) and for the attendance of Ameris Bank’s counsel at the contempt hearing conducted on August 28, 2026. Ameris Bank’s second supplemental declaration (Doc. 19) was timely filed on September 4, 2026, and

although Defendants were afforded an opportunity to respond to the declaration, they failed to do so.

**II. Discussion**

Rule 37(a)(5)(A) provides that if a motion to compel is granted, or if the requested disclosure is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Adherence to Rule 37 is necessary to prevent "parties from flouting discovery orders." Reed v. Fulton Cnty. Gov't, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "[S]anctions are imposed [under Rule 37] not only to prevent unfair prejudice to the litigants but also to endure the integrity of the discovery process." Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982).

The court has substantial discretion in deciding whether and how to impose sanctions under Rule 37. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The court's discretion is not unbridled, however, and any sanctions must be "reasonable in light of the circumstances." Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1453 (11th Cir. 1985) (noting

that the permissible purposes for sanctions are to compel discovery, deter misconduct, punish the guilty party, or compensate the court or the parties for the added expense caused by the abusive conduct).

Besides the authority under Rule 37, "[d]istrict courts have [the] inherent power to enforce compliance with their orders through civil contempt." U.S. v. Marc, 2019 U.S. Dist. LEXIS 224113, at *12, 2019 WL 7461689 at *4 (M.D. Fla. Dec. 16, 2019). Civil contempt proceedings are brought to enforce a court order that requires a party to act in some defined manner. Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting Mercer v. Mitchell, 908 F.2d 763, 768 (11th Cir. 1990)). "A finding of civil contempt—willful disregard of the authority of the court—must be supported by clear and convincing evidence." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (citing McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000)). "The clear and convincing evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Id. In Turner v. Rogers, the Supreme Court recognized that civil contempt differs from criminal contempt "in that it seeks only to 'coerc[e] the defendant to do' what a court had previously ordered him to do." 564 U.S. 431, 441 (2011) (citation omitted). In other words, a civil contempt defendant "carries the keys of his prison in his own pocket," because he is

purged of contempt once he complies with the underlying order. Id. at 442.

As noted *supra*, Ameris Bank seeks sanctions due to Defendants' failure to provide responses to its production requests, failure to comply with orders of this Court, and failure to attend the show cause hearing. Stephan A. Ray, Ameris Bank's counsel, asserts that he graduated from law school and was admitted to the Georgia Bar in 2014 and the Alabama Bar in 2015. According to Mr. Ray, he is employed as a partner with Moore, Clarke, DuVall & Rodgers in Tifton, Georgia, and his standard hourly rate is $315. (Doc. 19 at 1, 2). Mr. Ray asserts that between January 27, 2026, and August 31, 2026, Ameris Bank incurred attorneys' fees totaling $11,466 for the time he spent attempting to obtain responses to Ameris Bank's post-judgment discovery, including filing its motion to compel and attending the show cause hearing. (Doc. 19 at 3). Said amount represents a total of 36.4 hours at the hourly rate of $315. Ameris Bank also seeks $1,461.97 for administrative and technology fees, FedEx fees for service, and reimbursements for travel, mileage, and hotel related to the hearing on the motion. (Id.).

In this case, Defendants have continuously violated the Court's orders despite having been given several opportunities and ample time to comply. Not only have they failed to provide discovery responses as directed by the Court, but their failure to

attend the August 28th show cause hearing resulted in a waste of everyone's time and resources. Simply put, the record is devoid of anything suggesting that Defendants' noncompliance with this Court's orders was "substantially justified." Accordingly, it is appropriate to sanction Defendants for the expenses, including attorneys' fees, incurred by Ameris Bank in connection with time spent on its motion to compel, notice of noncompliance and attorney declarations, and for the travel expenses and fees incurred in connection with the appearance of its counsel at the August 28th show cause hearing.

In determining attorneys' fees, a court may, but is not required to, apply the "lodestar method" to calculate a Rule 37 fee award.[1] Jet Blast, Inc. v. Blue Lake Serv., LLC, 348 F.R.D. 714, 718 (N.D. Fla. 2025); Carro v. Integrated Tech, Grp., LLC, 2016 U.S. Dist. LEXIS 185921, at *4-5, 2016 WL 6534456, at *2 (S.D. Fla. Feb. 26, 2016). Thus, the Court finds it unnecessary to engage in a lodestar analysis. Nonetheless, having considered Ameris Bank's request through the lens of its "own knowledge and experience," see Norman, 836 F.2d at 1303, the Court finds the requested $315 hourly rate is not reasonable in this location for

[1] "The lodestar method requires courts to multiply the number of 'hours reasonably expended by a reasonable hourly rate.'" N.S. v. Comm'r of Soc. Sec., 742 F. Supp. 3d 1338, 1343 (M.D. Ga. 2024) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

an attorney with less than fifteen years of experience. See, e.g., U.S. ex rel. Sheppard v. Pathway of Baldwin Cnty., LLC, 2025 U.S. Dist. LEXIS 52380, at *11-12, 2025 WL 887526, at *5-6 (S.D. Ala. Mar. 21, 2025) (awarding a $350 hourly rate to an attorney with 30 years of experience); Amos Fin., LLC v. PHX Inv. Grp. LLC, 2020 U.S. Dist. LEXIS 85669, at *35-36, 2020 WL 5440565, at *13 (S.D. Ala. May 14, 2020) (awarding a $350 hourly rate to partner with 34 years of experience in commercial litigation and bankruptcy and creditors' rights and a $300 hourly rate to a partner in the same field with 18 years of experience). Accordingly, the undersigned finds that $285 is a reasonable hourly rate for Ameris Bank's counsel, Stephan A. Ray, who has been practicing in the areas of banking, commercial litigation, and commercial bankruptcy matters since 2014.

With respect to the attorney hours requested, the undersigned finds that based on the submissions of Ameris Bank's counsel, a total of 16.50 hours was reasonably expended by Mr. Ray on Plaintiff's motion to compel (7.0 hours), notice of noncompliance (2.0 hours), supplemental attorney affidavits and preparation for show cause hearing (6.5 hours), and attendance at the show cause hearing (1.0 hour). This results in an attorney fee award of $4,702.50.

With respect to the time spent by Mr. Ray traveling from his office in Tifton, Georgia, to Mobile, Alabama, for the show cause

hearing, the undersigned finds that 10.2 hours[2] of travel time is reasonable but reduces the hourly rate for the travel time to $142.50 as it does not appear that productive case-related work was done during the travel time. See Oden v. Vilsack, 2013 U.S. Dist. LEXIS 112464, at *37, 2013 WL 4046456, at *10 (S.D. Ala. Aug. 9, 2013) (compensating travel time at a reduced rate of $100 per hour where there is no evidence that such travel time was spent productively); see also Romano v. TD Bank N.A., 2024 U.S. Dist. LEXIS 13258, at *3-4, 2024 WL 235005, at *1 (M.D. Fla., Jan. 8, 2024) (court declined to award fees associated with travel time especially where there was no assertion that travel time was otherwise productive). This results in an attorneys' fee award of $1,453.50 for 10.2 travel hours in connection with the show cause hearing. Ameris Bank is also entitled to the travel expenses incurred for the show cause hearing in the amount of $506.16 for mileage ($0.76 x 666 miles)[3] and $171.57 for lodging. Ameris Bank has provided no case authority supporting its request for administrative fees such as Federal Express; thus, the Court

[2] The distance from 3300 Fulwood Road, Tifton, Georgia 31794, to 155 St. Joseph Street, Mobile, Alabama 36602 is approximately 333 miles and takes approximately five hours and seven minutes to travel one-way by car. See http://www.mapquest.com (last visited Nov. 5, 2026).

[3] The Internal Revenue Service travel rate is $0.76 per mile. See https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Nov. 5, 2026).

declines to award administrative fees. Accordingly, Ameris Bank is awarded **$6,833.73** for attorneys' fees and travel expenses in connection with its motion to compel and for sanctions.

**III. Conclusion**

Within fourteen (14) days of this order, Defendants Otabek R. Kamilov and Royal Auto Trans Inc. are **ORDERED** to remit to counsel for Ameris Bank payment in the amount of **$6,833.73** for attorneys' fees and travel expenses incurred in connection with Ameris Bank's motion to compel and for sanctions. Defendants are cautioned that to the extent they fail to timely comply with this order, the undersigned will issue a report and recommendation recommending that Defendants be held in contempt for repeatedly violating the Court's orders and that a daily fee be imposed, in addition to the sanctions set forth above. The United States Marshals Service will be directed to serve upon Defendants a copy of the report and recommendation should Defendants continue their defiance of orders of this Court.

**ORDERED** this **5th** day of **November, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**